**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LENA H.,**

                                        **Plaintiff,**

         **vs.**
                                                          **1:23-CV-826**
                                                          **(MAD/TWD)**

**COMMISSIONER OF SOCIAL SECURITY,**

                                        **Defendant.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**OLINSKY LAW GROUP**                              **HOWARD D. OLINKSY, ESQ.**
250 South Clinton Street
Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**                 **JASON P. PECK, ESQ.**
**OFFICE OF GENERAL COUNSEL**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

                                **ORDER**

        Plaintiff, Lena H., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review

of the decision of the Commissioner of Social Security (the "Commissioner") denying her

applications for Social Security Disability Insurance Benefits and Supplemental Security Income.

_See_ Dkt. No. 1.  In a Report-Recommendation dated September 30, 2024, Magistrate Judge

Thérèse Wiley Dancks recommended that (1) Plaintiff's motion for judgment on the pleadings be

granted; (2) Defendant's motion for judgment on the pleadings be denied; and (3) the

1

Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. *See* Dkt. No. 11.

Neither party filed objections to the Report-Recommendation. When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (citation omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court does not discern any clear error in the Report-Recommendation. Magistrate Judge Dancks concluded that the Administrative Law Judge ("ALJ") erred in considering medical opinions as they related to Plaintiff's mental health limitations. *See* Dkt. No. 11 at 14-18. Specifically, she determined that the ALJ did not sufficiently articulate consideration of the explanations provided by the doctors in their opinions as required under 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). *See id.* at 16. Magistrate Judge Dancks concluded that the lack of appropriate discussion concerning the medical opinions' supportability impacted the ALJ's determination that Plaintiff would be significantly less limited if she stopped her substance abuse. *See id.* at 15-18.

Courts have repeatedly concluded that the ALJ must sufficiently articulate consideration of a medical opinion's supportability, *i.e.*, whether the conclusions are substantiated by any narrative explanations throughout the opinion. *See Loni S. v. Comm'r of Soc. Sec.*, No. 3:22-CV-805, 2023 WL 4195887, *15 (N.D.N.Y. June 27, 2023) (collecting cases). Here, as Magistrate

Judge Dancks explained, two medical providers concluded that specific marked mental limitations were based on Plaintiff's "cognitive deficits and psychiatric symptoms" and "cognitive deficits, below average ABAS II scores, learning challenges, deficits in communication and self-care, immature social behaviors, and errors in judgment." Dkt. No. 11 at 17 (quotation and citation omitted).  Neither opined that the limitations were because of Plaintiff's substance abuse, yet the ALJ determined that "without consideration of the effects of her substance abuse, the claimant does not experience the deficits in insight and judgment that would so significantly affect her ability to remain on task and follow a schedule." *Id.* at 15 (quotation omitted).

The Court finds no clear error in Magistrate Judge Dancks' conclusion that this requires remand for further proceedings.  *See Monique S. v. Comm'r of Soc. Sec.*, No. 20-CV-6919, 2022 WL 2900778, *3 (W.D.N.Y. July 22, 2022) ("[P]roper consideration of this opinion was crucial because Nurse Andersen-Beuescher specifically indicated that Plaintiff's limitations, including her ability to regularly attend work, would be present during a period of abstinence. . . .  This is especially true because the ALJ rejected the other medical opinion rendered that discussed Plaintiff's attendance limitation. . . .  Moreover, it is very favorable to Plaintiff that Nurse Andersen-Beuescher found her unable to work during a period of abstinence as this contradicts the ALJ's finding that Plaintiff's substance abuse was a material factor contributing to her disability") (citations omitted); *Roundtree v. Comm'r of the Soc. Sec. Admin.*, No. 19-CV-07347, 2021 WL 431514, *13 (S.D.N.Y. Jan. 15, 2021) ("[T]he fact that Roundtree's symptoms may have been worse when considering substance abuse does not undermine Dr. Belan's opinion as to specific mental limitations in the absence of substance abuse") (citing *Frederick v. Barnhart*, 317 F. Supp. 2d 286 (W.D.N.Y. 2004) (explaining the fact that psychological impairments were

exacerbated by alcohol "says nothing of whether plaintiff still would have disabling psychological impairments if she abstained from abusing alcohol")).

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 11) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order and Magistrate Judge Dancks' Report and Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 16, 2024
      Albany, New York

Mae A. D'Agostino
U.S. District Judge